UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                                       :
ARIANNA CLARISSA ARROYO,                       :
                                                       :
                      Plaintiff,                             :           No. 20-CV-9364 (OTW)
                                                       :
            -against-                           :
                                                       :           **OPINION & ORDER**
KILOLO KIJAKAZI,                                  :
Acting Commissioner of Social Security,[1]     :
                                                       :
                      Defendant.                      :
---------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

I. **Introduction**

On May 24, 2018, Arianna Clarissa Arroyo ("Plaintiff") filed an application for Title XVI Supplemental Security Income, alleging disability beginning January 27, 2018, due to bipolar disorder, depression, and cognitive issues. (Administrative Record ("R."), ECF 17 at 17); (ECF 27, hereinafter "Joint Stip." at 1). Plaintiff's claim was denied on August 8, 2018. (R. 103). Plaintiff testified before Administrative Law Judge ("ALJ") Michael J. Stacchini on September 26, 2019. (R. 50–66). By written decision dated October 7, 2019, ALJ Stacchini found that Plaintiff had not engaged in work rising to the level of substantial gainful activity since May 24, 2018, the application date. (R. 19). The ALJ found Plaintiff has the severe impairments of bipolar disorder and anxiety; neither of which met or medically equaled one of the listed impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19–20). The ALJ determined that Plaintiff had the

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted for former Commissioner Andrew Saul as the named defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

residual functional capacity ("RFC") to perform a full range of work with the following non-exertional limitations: "[Plaintiff] is able to understand[,] remember[,] and carry out simple routine repetitive tasks with regularly scheduled breaks; she is limited to decision making and changes in the work setting related to simple routine tasks; and she is limited to occasional interaction with the general public, coworkers and supervisors." (R. 21). The ALJ determined that Plaintiff has no past relevant work (R. 24) but found that she could perform other occupations in the competitive national economy such as "Packager," "Cleaner," and "Auto Detailer." (R. 25). Thus, the ALJ found Plaintiff not disabled. (R. 25).

On September 8, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (R. 1–6).

The parties filed their Joint Stipulation on January 1, 2022, and made cross motions for judgments on the pleadings. For the reasons below, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, the Commissioner's Cross Motion for Judgment on the Pleadings is **DENIED**, and the case is remanded for further proceedings pursuant to 42 U.S.C. § 405(g).

## II. Applicable Legal Standard

### A. Standard of Review

A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. However, the Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. Substantial evidence is "more than a mere scintilla" and requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there

exists contrary evidence. *Halloran v. Barnhart*, 362 F.3d 28, 30 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Estrella v. Berryhill*, 925 F.3d 90, 94 (2d Cir. 2019) (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)) ("Substantial evidence is evidence that 'a reasonable mind might accept as adequate to support a conclusion.'"). This is a "very deferential standard of review." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). The Court may not determine *de novo* whether Plaintiff is disabled and must accept the ALJ's findings unless "a reasonable factfinder would *have to conclude otherwise*." *Id.* (citation omitted).

    B.  <u>Determination of Disability</u>

To be awarded disability benefits, the Social Security Act requires that one have the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 416.905(a). The ALJ makes this determination through a five-step evaluation process, for which the burden rests on the Plaintiff for the first four steps and only after all four steps are satisfied does the burden then shift to the Commissioner for the final step. 20 C.F.R. § 416.920.

First, the ALJ must determine that Plaintiff is not currently engaged in substantial gainful activity. Second, the ALJ must find that Plaintiff's impairment is so severe that it limits her ability to perform basic work activities. Third, the ALJ must evaluate whether Plaintiff's impairment falls under one of the impairment listings in 20 C.F.R. Pt. 404, Subpart P, Appendix 1 ("Listings") such that she may be presumed to be disabled. Fourth, if Plaintiff's impairment is

not listed and is not equal to one of the listed impairments, the ALJ must determine Plaintiff's RFC, or her ability to perform physical and mental work activities on a sustained basis. The ALJ then evaluates whether Plaintiff's RFC precludes her from meeting the physical and mental demands of her prior employment. If Plaintiff has satisfied all four of these steps, the burden then shifts to the Commissioner to prove that based on Plaintiff's RFC, age, education, and past work experience, Plaintiff is capable of performing other work that exists in the national economy. 20 C.F.R § 416.920(a)(4)(i)-(v).

### III. Analysis of ALJ Stacchini's Decision

Upon review of the Joint Stipulation, the Record, and ALJ Stacchini's decision, I find that ALJ Stacchini's evaluations of the medical opinions did not comply with the requirements in 20 C.F.R. §§ 404.1520c and 416.920c. Specifically, ALJ Stacchini failed to appropriately articulate why he found the medical opinion of Dr. Antiaris unpersuasive. Accordingly, ALJ Stacchini's decision is not supported by substantial evidence, and the Court remands for further proceedings.

#### A. <u>Evaluation of Medical Opinions</u>

For claims such as this one, filed on or after March 27, 2017, ALJs "will articulate in [their] determination or decision how persuasive [they] find all of the medical opinions." 20 C.F.R. § 416.920c(b). ALJs must consider all medical opinions and determine their respective persuasiveness considering: supportability; consistency; relationship of the medical source to the claimant; specialization; and "other factors." 20 C.F.R. § 404.1520c(c)(1)–(5).

The supportability and consistency factors are the "most important." 20 C.F.R. § 416.920a. Accordingly, the regulations mandate that ALJs "will explain how [they] considered

4

the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 416.920c(b)(2); *see also Rivera v. Comm'r of Soc. Sec.*, No. 19-CV-4630 (LJL)(BCM), 2020 WL 8167136, at *22 (S.D.N.Y. Dec. 30, 2020), *R. & R. adopted*, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021) (remanding so that ALJ may "reevaluate the persuasiveness assigned to the opinion evidence of record and explicitly discuss both the supportability and the consistency of the consulting examiners' opinions"). "Supportability" is "the objective medical evidence and supporting explanations presented by a medical source." 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to how the medical source's opinions compare with "evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). Although ALJs are only required to articulate their consideration of those two factors, ALJs must consider all five factors when determining a medical opinion's persuasiveness. 20 C.F.R. § 416.920c(c).

i. *Dr. Antiaris, Psy.D., Consultative Examiner Findings*

On July 24, 2018, psychologist Melissa Antiaris, Psy.D., a consultative examiner, evaluated Plaintiff. (R. 287—91.) As part of Dr. Antiaris's Mental Status Examination ("MSE"), she found that Plaintiff had mildly impaired attention and concentration; mildly impaired memory due to her limited intellectual functioning; and below-average cognitive functioning. (R. 289). She found Plaintiff cooperative with an adequate manner of relating. (R. 288). She noted that Plaintiff was dressed appropriately and was well-groomed, and that her eye contact was appropriate. (R.288). Plaintiff's mood was euthymic, and her affect was appropriate and "full-range." (R. 288–89).

In Dr. Antiaris's "Current Functioning" analysis, she noted that Plaintiff reported experiencing "worthlessness, crying spells, hopelessness, and concentration difficulties," that

she "always thinks the worst," and feels depressed most days. (R. 287–88). She reported that she has difficulty doing things alone, like crossing the street, and that she has panic attacks several times per month. (R. 288). When she is manic, she "becomes confrontational," and "gets mad easily, and then she shuts down and cannot communicate or focus." (R. 288).

As noted in Dr. Antiaris's "Mode of Living" analysis, Plaintiff reported that she would only cook with someone else, only clean when told to do so, and had difficulty doing the laundry because she did not understand the instructions. (R. 289). While she did not drive, she could take public transportation independently. (R.289). She had a good relationship with her sister and mother. (R. 289). Dr. Antiaris noted that Plaintiff is unable to manage funds and required a payee. (R. 290).

Dr. Antiaris diagnosed Plaintiff with unspecified bipolar disorder, generalized anxiety disorder, and ruled out panic disorder as "reported by the claimant." (R. 290). Dr. Antiaris assessed that "[n]o medical conditions are noted," and concluded that the results of the examination "appear to be consistent with psychiatric and cognitive concerns, which may significantly interfere with the claimant's ability to function on a daily basis." (R. 290). Dr. Antiaris opined that Plaintiff has marked limitations on her ability to regulate emotions, control behavior, and maintain well-being. (R. 290). Additionally, Plaintiff has moderate limitations on her ability to use reason and judgment to make work-related decisions. (R. 290). Dr. Antiaris assessed that Plaintiff has no limitation in her ability to maintain personal hygiene, be aware of normal hazards, and understand, and remember, and apply simple directions and instructions. (R. 289–90). Dr. Antiaris also found that Plaintiff is mildly limited in her ability to understand, remember, and apply complex directions and instructions, interact adequately with supervisors,

6

coworkers, and the public, sustain concentration and perform a task at a consistent pace, and sustain an ordinary routine and regular attendance at work. (R. 290).

ii. *The ALJ Cherry-Picked Dr. Antiaris's Opinion in Deeming it Unpersuasive.*

The ALJ found Dr. Antiaris's opinion that Plaintiff had "marked restrictions in her ability to regulate emotions, control behavior, and maintain well being" to be unpersuasive because they were (1) not supported by her examination findings of "euthymic mood, appropriate contact, and notations of stability without impulsive outbursts on medications" (R. 23), and because it was (2) inconsistent with treatment notes "demonstrating that claimant remained stable without impulsive outbursts while on medication." (R. 23).

Plaintiff argues that the ALJ cherry-picked selective notations of benign findings and ignored positive results of the Record in reaching this conclusion. *See Poczciwinski v. Colvin*, 158 F.Supp. 3d 169, 176 (W.D.N.Y. 2016) (citing *Nix v. Astrue*, 2009 WL 3429616, at *6 (W.D.N.Y. Oct. 22, 2019) (noting that "an ALJ cannot pick and choose only parts of a medical opinion that support his determination," and "may not ignore an entire line of evidence that is contrary to [his] findings"). Specifically, the ALJ did not consider Dr. Antiaris's findings that Plaintiff had impaired attention and concentration, impaired memory skills, and below-average cognitive functioning. (R. 289). Moreover, Plaintiff argues that the ALJ improperly exclusively relied on Plaintiff's benign mental status at the time of the exam. (Joint Stip. 12). The Agency is required to consider "all relevant medical evidence, which . . . may include:

> (a) your reported symptoms, (b) your medical, psychiatric, and psychological history, (c) the results of physical or **mental status examinations** . . . or other clinical findings, (d) psychological testing, (e) your diagnosis, (f) the type, dosage, and beneficial effects of medication you take, (g) the frequency and beneficial effects of therapy you receive, (h) side effects of medications or other treatment that limit your ability to function, (i) your

7

>clinical course, (j) observations of how you function during examinations or therapy, (k) information about your background, and (l) expected duration of your symptoms.

Listing 12.00(C)(2) (a)–(l) (emphasis added). In essence, the Commissioner improperly found some benign mental status findings dispositive even though the Agency does not afford deference to mental status findings over other related mental health evidence.

The Commissioner counters that in finding that Dr. Antiaris's opinion was unsupported by "[her] own mental examination findings . . . the ALJ specifically considered [Dr. Antiaris's] report of symptomatology as well as clinical observations . . . ." (Joint Stip. 26–27). This is conclusory. At most, the ALJ included that Plaintiff demonstrated "impaired attention, concentration and memory" when describing an overview of Dr. Antiaris's evaluation. (R. 22). The ALJ did not articulate how a "euthymic mood, appropriate eye contact, and relating well" at her consultative exam eclipsed Dr. Antiaris's other findings[2] that support her opinion on Plaintiff's marked limitation in regulating her emotions and controlling her behavior. (R. 23). *See Hamedallah ex. Rel. E.B. v. Astrue*, 876 F.Supp.2d 133, 142 (N.D.N.Y. June 25, 2012) ("The ALJ (not the Commissioner's lawyers) must 'build an accurate and logical bridge from the evidence to his conclusion to enable meaningful review.'") (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

Where the ALJ concluded that Dr. Antiaris's opinion was inconsistent with Family Services of Westchester-Yonkers ("FSW") treatment notes," he again selectively compared

---

[2] Dr. Antiaris's other findings include, for example; Plaintiff's impaired attention, concentration, and memory; Plaintiff's diagnoses with bipolar disorder and general anxiety disorder as reported by Plaintiff; Plaintiff's mental health history (which includes two hospitalizations in 2013 for suicidal ideation, attempted overdose, and aggression); Plaintiff's treatment regimen of medication, and weekly therapy and monthly psychiatrist appointments; and Dr. Antiaris's analysis of Plaintiff's "current functioning," in which Plaintiff reported, *inter alia*, that when she is manic she "becomes confrontational," and "gets mad easily." (Ex B2F).

them to benign findings. The ALJ only noted inconsistency on the basis that the FSW treatment progress notes state that Plaintiff "remained stable without impulsive outbursts while on medication. (Ex. B3F)." Notably, the very next sentence reads, "[Plaintiff] has **ongoing frequent** panic attacks . . . ." (R. 315) (emphasis added).[3] Further, those same treatment notes indicate, *inter alia*, that at two evaluations, Plaintiff reported that she stopped taking her medication and as a result had "anger control issues" (R. 299) and reported "occasional suicidal thoughts." (R. 311).

Because the ALJ cherry-picked both Dr. Antiaris's opinion, as well as the treatment records from FSW, I cannot conduct a meaningful review of his decision, and remand is warranted.

IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, the Commissioner's Cross-Motion for Judgment on the Pleadings be **DENIED**, and the case is remanded for further proceedings pursuant to 42 U.S.C. § 405(g). The Clerk of Court is respectfully directed to close ECF 22, 23, 25 and 26.

**SO ORDERED.**

Dated: July 25, 2022
       New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[3] Indeed, the ALJ misreads the record where he states in a separate part of his decision that after resuming medication, Plaintiff "continued to **periodically** experience panic attacks, but was otherwise stable with a euthymic mood." (R. 22) (emphasis added).